# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MARCEL GREEN**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **IRVINGTON POLICE DEPARTMENT**, *et al.*, <br><br> Defendants. | Case No. 19–cv–20239–SDW–ESK <br><br><br> **OPINION AND ORDER** |

**KIEL**, **U.S.M.J.**

    **THIS MATTER** is before the Court on *pro se* plaintiff Marcel Green's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1) (Motion).  (ECF No. 10.)  For the following reasons, the Motion is **DENIED**.

## BACKGROUND

    On February 6, 2016, at around 6:00 a.m., members of defendant Irvington Police Department, along with defendant Detective Brechner Jeannot (Jeannot), searched the dwelling located at 51-49 Stockman Place in Irvington, New Jersey (Premises) pursuant to a warrant.[1]  (ECF No. 1 p. 3.)  Green claims defendants failed to knock-and-announce when entering the Premises, never read the *Miranda*[2] rights to him, and unlawfully arrested him.  (*Id.*)  Green also claims he was denied "needed" medical assistance.  (*Id.*)  After his arrest, when Green was "released from the jail," he was taken to a hospital for "emotional and mental[] stress[.]"  (*Id.* p. 4.)

---

[1] The complaint does not allege that Green resided at the Premises.  (ECF No. 1 p. 3.)

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Green brings claims under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights under the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments (Constitutional Claims). (*Id.* p.2; *see also* ECF No. 1-5.) Green seeks $10,000,000 in damages, and demands that "everyone … accountable … be prosecuted to the fullest extent of the law[.]" (ECF No. 1 p.4)

## PROCEDURAL HISTORY

On December 4, 2019 (ECF No. 2), District Judge Susan D. Wigenton granted Green's application to proceed *in forma pauperis* (ECF No. 1-1). However, Judge Wigenton denied Green's original motion for *pro bono* counsel (ECF No. 1-4), finding that the complaint did not "provide sufficient detail for this Court to determine whether [Green's] claims have 'some merit in fact and law[.]'" (ECF No. 2 p.2.) As such, Green was afforded 30 days to amend his complaint. (*Id.*) Notably, the order states that "Plaintiff is advised to amend his complaint with sufficient detail and clarity for the Court to determine whether his claims have some merit[.]" (*Id.* n.2.)

### I. FIRST AMENDED COMPLAINT

Green filed the amended complaint on December 20, 2019. (ECF No. 3.) It asserts the same Constitutional Claims as the original complaint. (*Compare* ECF No. 1 p.2 *with* ECF No. 3 p.2.) However, the amended complaint names two new defendants: Detective Mitchell Molina and Detective "Jenkens." (ECF No. 3 p.2.) It also claimed that Green "was arrested [two] times for the same [offense]." (*Id.* p.3.)

Though not set forth in the Motion, or any previous motion for *pro bono* counsel, the amended complaint indicates that Green's case "has merit in fact and law." (*Id.* p.4.) In support of this contention, Green cites to his arrest in a ShopRite parking lot in Kearney, New Jersey in November of 2018—an incident omitted from Green's original complaint filed on November 14, 2019. (*Id.*; *see also* ECF No. 1.) Elsewhere in the amended complaint, Green "request[s] an

2

attorney to represent [him]" due to his disability and because he is "unable to afford counsel." (ECF No. 3 p.6.)

## II. GREEN'S SECOND AMENDED COMPLAINT

Green filed a second amended complaint on July 8, 2020.[3] (ECF No. 6.) The second amended complaint claims, in rather vague terms, that an indictment against Green was dismissed.[4] (*Id.* p.4.) According to this pleading, Green is "demanding compensation for … pain and suffering and the denial of medical attention," as well as for "wrongful arrest, being harassed and humiliated … , [and] confined to a chair" by officers of the Irvington Police Department. (*Id.*)

## III. GREEN'S MOTION FOR *PRO BONO* COUNSEL

In support of the Motion, Green explains he "was told" to await the outcome or resolution of the criminal case before he could "fil[e] a civil action." (ECF No. 10 p.3.) He also explains that he has been unable to obtain counsel. Because he depends on disability payments and social security benefits, Green cannot afford an attorney. (*Id.*)

## ANALYSIS AND DISCUSSION

The Court has the discretion to appoint attorneys to represent litigants who are "unable to afford counsel[.]" 28 U.S.C. §1915(e)(1). The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint counsel "must be made on a case-by-case basis." *Tabron v. Grace*, 6 F.3d 147, 157–58 (3d Cir. 1993). The Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d

---

[3] The second amended complaint was not filed with the Court's leave, or as of right, and, thus, was never authorized. *See* Fed.R.Civ.P. 15(a).

[4] Documents relating to Green's criminal history, along with a copy of an eight-count indictment against Green, appear to be annexed to the first amended complaint. (ECF No. 3 pp.7–38.)

492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).

The decision to appoint *pro bono* counsel for plaintiffs proceeding *in forma pauperis* involves a two-step analysis. *Howard v. Reyes*, No. 18-00800, 2020 WL 3958483, at *2 (D.N.J. July 13, 2020). First, "[a]s a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Once a claimant overcomes this "threshold hurdle," the Court should then consider the following factors: (1) the claimant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the claimant's ability to pursue investigation; (4) claimant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155–57.

"This list of factors is not exhaustive [and] should serve as a guidepost[.]" *Parham*, 126 F.3d at 458 (citing *Tabron*, 6 F.3d at 155). Where the factual and legal issues "have not been tested or developed by the general course of litigation … factors (2)–(5) of *Parham*'s test [are] particularly difficult to evaluate." *Howard*, 2020 WL 3958483, at *2 (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-04122 and 99-04233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture)).

As a preliminary matter, I cannot find that Green's case has "some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Judge Wigenton previously denied Green's first motion for *pro bono* counsel because the complaint did not "provide sufficient detail for this Court to determine whether [Green's] claims have 'some merit in fact and law[.]'" (ECF No. 2 p.2.) Green was afforded an

4

opportunity to amend his pleading to include additional information so the Court could determine whether his claims have "some merit." However, Green's first amended complaint merely alludes to another incident involving Green's arrest in November of 2018, and names two new defendants. (ECF No. 3 p. 4.)

Green's second amended complaint, even if permitted as of right or with the Court's leave, did not remedy the pleading deficiencies for determining "merit" and whether *pro bono* counsel should be appointed. The second amended complaint adds some limited, factual embellishment, including a reference to Green's confinement "to a chair" (ECF No. 6 p. 4), but otherwise omits details necessary to discern whether Green's claims have "some merit in fact and law." As such, Green's claims, at this juncture, are not sufficiently "meritorious" such that the "threshold hurdle" of the two-step analysis has been overcome. *Parham*, 126 F.3d at 459. I cannot determine from Green's pleadings, even under a liberal reading, whether his 42 U.S.C. § 1983 claims or Constitutional Claims have any merit.

The *Tabron* Court recognized "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." 6 F.3d at 157. I recognize that "where a plaintiff's case appears to have merit and most of the aforementioned [*Parham*] factors have been met, courts should make every attempt to obtain counsel." *Parham*, 126 F.3d at 461 (citing *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989)). Here, since I have no basis to proceed to the second step of the *Tabron* analysis, the Motion is properly denied. *Tabron*, 6 F.3d at 155.

## ORDER

Accordingly, and for the reasons stated above,

**IT IS** on this   **17th** day of **August 2021**   **ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 10**.

3. The Clerk of the Court is directed to transmit a copy of this Opinion and order to plaintiffs by regular mail.

4. The Clerk of the Court is directed to strike the "second amended complaint" filed on July 8, 2020, which was not filed as of right or with the Court's leave.  **(**ECF No. 6.**)**   The first amended complaint filed on December 20, 2019 (ECF No. 3) shall be deemed the operative complaint.

                                             */s/ Edward S. Kiel*
                                             **EDWARD S. KIEL**
                                             **UNITED STATES MAGISTRATE JUDGE**