<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCEL GREEN, BRIANA BANKS, S.G., <br><br> Plaintiffs, <br><br> v. <br><br> IRVINGTON POLICE DEPARTMENT, DET BRECHNER JEANNOT, JOHN DOES 1-100, DET MITCHELL MOLINA, and DET JENKENS, <br><br> Defendants. | Civil Action No. 19-20239 (SDW) (JRA) <br><br> **WHEREAS OPINION** <br><br> November 18, 2022 |

**THIS MATTER** having come before this Court upon Defendants Irvington Police Department, Det. Brechner Jeannot, and Det. Christopher Jenkens's (collectively, "Moving Defendants") Motion to Vacate the Default entered against them on January 14, 2022 (D.E. 27);[1] and

**WHEREAS** *pro se* Plaintiffs Marcel Green, Briana Banks, and S.G. ("Plaintiffs") filed this lawsuit on November 14, 2019, alleging in the operative amended complaint dated July 8, 2020, that Defendants deprived them of their constitutional rights in the course of an arrest and search of their home in violation of 42 U.S.C. § 1983. (D.E. 1, 3.) On November 3, 2021, this Court dismissed the action for failure to effect service. (D.E. 14.) The following day, Plaintiffs served all Defendants except Det. Molina. (D.E. 15, 16.) On November 17, 2021, this Court

---

[1] This Court never entered default against Det. Mitchell Molina, and Plaintiffs have not filed proof of service upon him, so he is not considered a movant in the instant matter. (*See* D.E. 20–22.)

reopened the case and, on January 14, 2022, it granted Plaintiffs' request for an entry of default against Moving Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) for failure to plead or otherwise defend (D.E. 19, 20); and

**WHEREAS** on August 11, 2022, the defendants entered their appearances through counsel and Moving Defendants now move to vacate the default entered against them. (D.E. 25, 27.) Plaintiff Marcel Green has subsequently filed three letters, but Plaintiffs have not opposed the motion to vacate default (D.E. 28–30); and

**WHEREAS** this Court may "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). In deciding whether to vacate a default, a court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). This Court disfavors resolving disputes by default, and "the standard for setting aside a default is less stringent than for setting aside a default judgment." *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003) (citing *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656 (3d Cir.1982); *Harad v. Aetna Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir.1988)); and

**WHEREAS** this Court is satisfied that there is good cause to vacate the entry of default and allow this dispute to be resolved on the merits. First, Plaintiffs do not oppose the motion and they will not be prejudiced by a vacatur which will allow their claims to be addressed on the merits. Default was entered on January 14, 2022, but Plaintiffs have never obtained a default judgment. Second, Moving Defendants certify that they have numerous, meritorious defenses to Plaintiffs' claims. (D.E. 27-2 ¶¶ 24–25.) Finally, although Moving Defendants failed to appear in this case for several months after they were served with the complaint, they certify that their failure to

respond was not willful or done in bad faith.  (*Id*. ¶¶ 22–23.)  Examining the record as a whole, the circumstances support granting Moving Defendants' unopposed motion; therefore

Moving Defendants' motion will be **GRANTED**, and they shall have fifteen (15) days to respond to Plaintiffs' Amended Complaint.  An appropriate order follows.


                                                      /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Hon. José R. Almonte, U.S.M.J.
        Parties